# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CONCERTED CARE BALTIMORE, LLC,** | * | |
| *Plaintiff* | * | |
| v. | * | Case No. RWT-17-cv-1800 |
| **ASSURANCE MEDIA, LLC,** | * | |
| *Defendant* | * | |
| | *** | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss or in the Alternative to Stay. ECF No. 13. On October 15, 2015, Defendant Assurance Media, LLC ("Assurance") filed a lawsuit against Plaintiff Concerted Care Baltimore, LLC ("CCB") in the Superior Court for the State of Delaware ("Delaware Court") alleging breach of contract. *See* ECF No. 2 ¶ 19. Unhappy with the progress of the proceedings in the Delaware Court, on June 8, 2017, CCB filed a lawsuit against Assurance in the Circuit Court for Montgomery County, Maryland. *See id.* at 1. On June 30, 2017, Assurance removed that state court action to this Court. ECF No. 1. On that same day, CCB filed an Amended Complaint. *See* ECF No. 8.

On July 7, 2017, Assurance filed its Motion to Dismiss or in the Alternative to Stay. ECF No. 13. CCB responded in opposition to the Motion on July 17, 2017, ECF No. 17, and Assurance filed a reply brief in support of its Motion on July 28, 2017, ECF No. 20. Meanwhile, the underlying civil trial appears set to begin in the Delaware Court on January 8, 2018. *See* Docket, *Assurance Media, LLC v. Concerted Care Group*, N15C-10-061 (Del. Super. Ct.).

CCB's Complaint alleges four counts—of which, Counts I, III, and IV directly stem from the underlying proceedings before the Delaware Court. *See* ECF No. 8 ¶¶ 24–29 (pleading abuse

of process as to an allegedly fraudulent invoice upon which the Delaware proceedings are based), ¶¶ 34–37 (alleging the same under a theory of unfair trade practices), ¶¶ 38–39 (alleging the same under a theory of improper debt collection). The remaining count—Count II—alleges defamation based on the pleadings filed in the Delaware Court. *See id.* ¶¶ 30–33.

On its face, Count II appears to lack merit due to the "absolute litigation privilege." *See, e.g.*, *McLeod v. McLeod*, 93 A.3d 654 (Del. 2014); *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016). Regardless, all of the counts seek discovery based on the pleadings made in another court. Likely not by coincidence, this action was filed on the same day that the Delaware Court denied a motion for admission *pro hac vice* of CCB's attorney. *See* ECF No. 13 at 2. By CCB's own words, "[i]t is the existence of the Delaware Lawsuit and Assurance's continued deception of the Delaware Court that forms the basis of [this] action." ECF No. 17 at 2. However, this Court is neither an appellate court in the Delaware state court system, nor is it the proper forum for parties to seek out when they are displeased with ongoing proceedings in Delaware state courts.

In this circuit, "a federal court may abstain from deciding non-frivolous, nondeclaratory claims in favor of a parallel state suit for reasons of 'wise judicial administration'—but only in 'exceptional' circumstances." *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015), *as amended* (Apr. 17, 2015) (quoting and analyzing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). The Court must weigh six factors in deciding whether abstention will apply; those factors are:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether

state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463–64 (4th Cir. 2005) (noting that balancing should be "heavily weighted in favor of the exercise of [federal] jurisdiction").

*In rem* jurisdiction and convenience do not—or only slightly—apply. The remaining factors all favor abstention given that this case includes only state law claims, which aver foul-play in a lawsuit filed in the Delaware Court *more than a year and a half* prior to the filing of the present case. Furthermore, the Delaware Court is fully capable of handling its own proceedings, determining if any parties are defrauding it, and resolving any improprieties accordingly. Federalism dictates that this Court should not exercise jurisdiction over the merits of this case. Therefore, it is, this 20th day of November, 2017, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss or in the Alternative to Stay [ECF No. 13] is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the motions hearing currently scheduled for December 7, 2017 at 1:00 p.m. is hereby **CANCELLED**; and it is further

**ORDERED**, that the Clerk of this Court **SHALL CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE